UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Sylvester Uwagboe,<br>                      Plaintiff,<br>      v.<br>Selene Finance LP;<br>U.S. Bank Trust National Association as<br>   Owner trustee for RCF 2 Acquisition Trust<br>                 And<br>Harmon Law Offices P.C.,<br>                      Defendants | Civil Action<br><br>No: _____ |

## VERIFIED COMPLAINT

*NOW COMES* the Plaintiff, Sylvester Uwagboe, by his attorney David Baker, Esq., and complains of the defendants, as follows:

1. By this complaint, Mr. Uwagboe seeks relief from bad faith and unconscionable tactics of the defendants Selene Finance as mortgage loan servicer for U.S. Bank Trust National Association, (hereinafter "SF", which shall mean both defendants unless the context requires otherwise) and for wrongfully initiating a mortgage foreclosure and related relief as set forth herein. Also named is the law firm handling the foreclosure.

## FACTUAL ALLEGATIONS

*Jurisdiction of this court*

2. Mr. Uwagboe lives with his family at 135 Read Street, Winthrop, MA, within the territorial jurisdiction of this court.

3. U.S. Bank, etc., is a national banking association with corporate offices at 80 S. 8th St. Ste. 224 Minneapolis, MN 55402  It has at least six branches in Boston, and numerous other branches throughout Massachusetts and the United States.

4. Mr. Uwagboe also owns the property at 11 Outlook Road; Boston, MA ("the property"). It is a two-family residential dwelling that he rents out. This action pertains to a mortgage loan secured by that property.

5. Upon information and belief, the mortgage was given originally to Mortgage Electronic Registration Systems as nominee for Countrywide Home Loans, Inc., on March 5, 2004

and recorded in Suffolk County Registry of Deeds in Book 41495, Page 122. It appears to have been assigned more than once, and most recently was assigned to defendant U.S. Bank, etc.

6. Harmon Law Offices, P.C., is a law firm located in Newton, MA. It is representing the other defendants in a pending foreclosure action relating to the aforementioned mortgage.

7. The original principal amount of the mortgage was $360,000.

8. According to a monthly statement dated March 7, 2024, the outstanding principal balance (supposedly not the payoff amount) is $319,566.67

9. Based on the foregoing, Mr. Uwagboe believes that this court has diversity jurisdiction over this action.

10. In addition, the court has federal question jurisdiction, as Mr. Uwagboe is asserting causes of action under the Real Estate Settlement Practices Act, 12 U.S.C. §§ 2601–2617, and related statutes and regulations.

*Background*

11. Mr. Uwagboe originally purchased the property for the rental income, to supplement his income from self-employment and employment with Piedmont Airlines.

12. At some point prior to 2016, he fell into default for various reasons.

13. He filed a chapter 13 bankruptcy case in the bankruptcy court for the District of Massachusetts on April 29, 2016, which was assigned docket number 16-11634.

14. At that time, the mortgage apparently was owned by Federal National Mortgage Association ("FNMA"). Upon information and belief, Community Loan Servicing, LLC ("CLS"), was the servicer for FNMA.

15. According to the records of the Chapter 13 Trustee, CLS was paid $95,183.07 by the trustee pursuant to his confirmed Chapter 13 plan, representing mortgage arrears accrued pre-petition.

16. As a result of those payments, he cured any outstanding pre-petition default, as that is the amount SF asserted was in default as of the bankruptcy petition date.

17. His bankruptcy plan required, also, that he remain current on post-petition payments.
18. He received a bankruptcy discharge on December 16, 2021.
19. Thereafter, all went well until about November, 2022, when he began having problems with tenants not paying rent, as well as rent subsidies from the Section 8 program due to problematic conditions in the property. As a result, he fell into default again.
20. Since then, he has struggled to find a way to rehabilitate the property and resume receiving rent, but his finances are so strained, it has been difficult.
21. In December, 2023, he returned to the attorney who had assisted him in the chapter 13 case.
22. Prior to then, in March, 2022, he received an Annual Escrow Account Disclosure Statement from defendant Selene.
23. The Statement indicated that there was an escrow surplus of $81,614.85.
24. He and the prior attorney repeatedly called Selene to request that they apply so much of the surplus to the monthly payments as would bring the account current, and refund the remainder to him. His intention was to use the remainder to rehabilitate the property.
25. The answers from Selene, if an answer was made, were contradictory and confusing. Ultimately, Selene refused to apply the surplus as requested and to refund the excess.
26. Instead, it has scheduled a foreclosure for April 18, 2024, to be conducted by defendant Harmon Law Offices.

## Count I - RESPA

27. The foregoing paragraphs are incorporated at this point as if fully set forth at this point.
28. A "servicer" is "the person responsible for servicing the loan." 12 USC §2605, known as the Real Estate Settlement Procedures Act ("RESPA"). "Servicing" is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan ... and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." Id.
29. As a servicer, SF is the agent for U.S. Bank etc.

30. RESPA, and the regulations enacted pursuant to it, control how a servicer may handle the money entrusted to it by a mortgagor.

31. In essence, a servicer must apply the money in accordance with the loan contract, which normally means to interest, first, then to principal, then to escrow (i.e., taxes and insurance).

32. Given the extremely large surplus referred to in paragraph 23, above, it seems evident that Selene has abused its power and authority, and failed to comply with the obligations under RESPA and the loan contract.

33. The failure of all defendants to comply with their obligations under RESPA has caused Mr. Uwagboe damage in the form of attorney fees, anxiety, distress, and other expenses related to trying to resolve this problem.

## Count 2 – Chapter 93A and Breach of Contract

34. The property at issue is not Mr. Uwagboe's home. He purchased it for commercial purposes, i.e., receiving rental payments from tenants.

35. The mortgage at issue in this case provides, in paragraph 2, that, all payments received by Lender shall be applied: to interest due first, then to principal due; and last, to escrow charges.

36. As stated in paragraph 23, the annual Escrow Statement dated March 20, 2022, indicates that there was an extremely large escrow surplus at that time. The amount may have increased or decreased since then, but Mr. Uwagboe has no information about that.

37. In failing to apply the so-called "surplus" in accordance with the contract, it has breached the contract.

38. In failing to apply the so-called "surplus" in accordance with the contract, it has acted unfairly and deceptively.

39. In commencing foreclosure notwithstanding that the default could more likely than not be cured, or at least substantially reduced by way of proper application of the surplus, and by

ignoring its obligations under RESPA, the defendants have breached the contract and acted unfairly and deceptively.

40. Because Harmon Law Offices is acting as the agent for SF, it is equally liable for the acts complained of herein.

41. In these circumstances, the defendants have violated chapter 93A.

42. The actions of all defendants as described herein has caused Mr. Uwagboe damage in the form of attorney fees, anxiety, distress, and other expenses related to trying to resolve this problem.

## ACCOUNTING

43. Because SF appears to have misapplied his payments and/or not given him credit for them, Mr. Uwagboe requests that SF be required to provide him with an accounting.

WHEREFORE Mr. Uwagboe requests that the court award him damages to be proven at trial; an injunction against foreclosure until a final, non-appealable judgment is rendered; and such other or different relief as to the court seems meet and just, together with money damages and attorney fees.

April 5

Respectfully submitted,
Sylvester Uwagboe,
By his attorney,

David G. Baker (BBO# 634889)
255 Massachusetts Avenue #614
Boston, Massachusetts 02115
Tel.: 617-340-3680
david@bostonbankruptcy.org

## VERIFICATION

The undersigned affirms under pains and penalties of perjury that he is the plaintiff in the within complaint, and that the facts and circumstances alleged herein are true and correct to the best of my knowledge, information, and belief.

Sylvester Uwagboe